# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

BARBARA TARRANT,            )
                            )
    Plaintiff,              )
                            )
v.                          )     Case No. CIV-13-810-F
                            )
CAROLYN W. COLVIN, Acting   )
Commissioner, Social Security )
Administration,             )
                            )
    Defendant.              )

## REPORT AND RECOMMENDATION

Defendant Acting Commissioner Carolyn W. Colvin (Commissioner) issued a final decision denying Barbara Tarrant's (Plaintiff) application for disability insurance benefits under the Social Security Act, and Plaintiff seeks judicial review under 42 U.S.C. § 405(g). United States District Judge Stephen P. Friot referred this matter for proceedings consistent with 28 U.S.C. § 636(b)(3) and Fed. R. Civ. P. 72(b), and it is now before the undersigned Magistrate Judge. The undersigned has reviewed the pleadings, administrative record (AR), and parties' briefs, and recommends that the court reverse and remand the matter for further proceedings.

**I.     Administrative proceedings.**

Plaintiff sought a hearing by an Administrative Law Judge (ALJ) after the Social Security Administration (SSA) denied her claims for disability

benefits. AR 102-03. After hearing the testimony of both Plaintiff and a vocational expert, the ALJ found that Plaintiff is not disabled because, despite her impairments, she retains the ability to perform her past relevant work as a child welfare worker. *Id.* at 47-85, 34-42. The SSA Appeals Council declined Plaintiff's request for review, *id.* at 1-6, and Plaintiff now seeks review in this Court. Doc. 1.

## II. Disability determination.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps). Under this sequential procedure, Plaintiff bears the initial burden of proving she has one or more severe impairments. *See* 20 C.F.R. § 404.1512; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If she succeeds, the ALJ makes a residual functional capacity (RFC)[2] assessment at step four to determine what Plaintiff can still do despite her

---

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

impairments.  *See* 20 C.F.R. §§ 404.1545(e); *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1048 (10th Cir. 1993).  Then, if Plaintiff shows she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy.  *See Turner*, 754 F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

## III. Plaintiff's claims of error.

The undersigned recommends remand because the ALJ committed legal error in applying the three-phase step four analysis regarding Plaintiff's past relevant work.  The undersigned will not address Plaintiff's remaining claims of error.  *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

## IV. Standard for review.

This Court's review is limited to whether substantial evidence supports the ALJ's factual findings and whether the ALJ applied the correct legal standards.  *See Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010).  "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted).  Reversal is necessary if the ALJ failed to provide this court with a sufficient basis to

3

determine that appropriate legal principles have been followed. *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (citations omitted).

V. **Analysis.**

    A. **Step four error.**

        1. **The law.**

"Step four of the sequential analysis . . . is comprised of three phases." *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). "In the first phase, the ALJ must evaluate a claimant's physical and mental [RFC], and in the second phase, he must determine the physical and mental demands of the claimant's past relevant work." *Id.* (citation omitted). "In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." *Id.* "At each of these phases, the ALJ must make specific findings." *Id.* Those findings must be supported by substantial evidence. *Best-Willie v. Colvin*, 514 F. App'x 728, 737 (10th Cir. 2013).

        2. **The ALJ's findings.**

The ALJ determined at step four that Plaintiff "was capable of performing past relevant work as a child daycare worker." AR 41. The ALJ followed this conclusion by stating:

> The vocational expert[] testified that the claimant's past relevant work is classified in the Dictionary of Occupational Titles (DOT) as a child daycare worker (DOT 359.677-018), and it is described

4

as light semiskilled work (SVP 4) . . . . The vocational expert responded to hypothetical questions of the [ALJ]. [The vocational expert] testified that based upon the claimant's [RFC], she could perform her past relevant job as a child daycare worker as she performed it and as generally performed in the national economy.

Social Security Ruling 82-61 provides that an individual will be found "not disabled" when it is determined that he or she retains the [RFC] to perform the actual functional demands and job duties of a particular past relevant job, or the functional demands and job duties of the occupation as generally required by employers throughout the national economy. In comparing the above [RFC] the claimant had at all times relevant to this decision with the physical and mental demands of this work, the undersigned finds that the claimant has been able to perform it as it was actually and generally performed. In her past work as a child daycare worker, claimant was not required to perform more than light work with additional nonexertional limitations as set forth above. As the claimant's past work did not require the performance of work-related activities precluded by her [RFC], she is able to return to the type of work she performed in the past.[3]

*Id.*

---

[3] Light work is defined in the regulations as follows:

> [it] involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

### 3. Application of the law.

Plaintiff argues that the "ALJ failed to properly comply with any of the [three] phases, . . . but certainly he never performed the second phase at all." Doc. 13, at 10. Although the undersigned is troubled by Plaintiff's skeletal argument, she agrees that under the Tenth Circuit's *Sissom v. Colvin*, 512 F. App'x 762, 768-70 (10th Cir. 2013), the ALJ failed to make the required phase-two findings.

The ALJ's inquiry of Plaintiff and Plaintiff's testimony about the demands of her job as a childcare worker were minimal. AR 58-60; 75. As in *Sissom*, the ALJ here determined Plaintiff had some postural limitations, but made no inquiry regarding the physical demands of her past relevant work. *See Sissom*, 512 F. App'x at 769.

"The ALJ therefore failed to develop the record and to make the required findings concerning [Plaintiff's past relevant work]." *Id.* "Although the ALJ's RFC determination on remand may or may not be the same, [the undersigned] caution[s] the ALJ to make adequate findings regarding the physical and mental demands of [Plaintiff's past relevant work] . . . . This, in return, will ensure that appellate review of the ALJ's decision is not only possible but meaningful." *Id.* (citations omitted).

And, as in *Sissom*, the ALJ's inadequate findings at phase two "naturally compromised" his phase three findings. *Id.* At phase three, "the

6

ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." *Winfrey*, 92 F.3d at 1023.

Here, as in *Sissom*, "the ALJ erred in delegating his fact-finding responsibilities to the [vocational expert], which [the Tenth Circuit has] expressly discouraged." 512 F. App'x at 769 (citing *Winfrey*, 92 F.3d at 1025).

> Because the scope of jobs at step four is limited to the claimant's PRW, it is feasible for an ALJ at this step to make specific findings about the mental and physical demands of the jobs at issue and determine whether the claimant can still meet those demands. Id. An "ALJ may rely on information supplied by the VE at step four, [but] the ALJ himself must make the required findings on the record, including his own evaluation of the claimant's ability to perform [her] past relevant work." Id.

*Id.* (citing and quoting *Winfrey*, 92 F.3d at 1025).

The ALJ posed this hypothetical to the vocational expert: assume a younger individual, high school education who can lift and carry twenty pounds occasionally and ten pounds frequently, can sit for about six hours in an eight-hour workday, and can stand or walk for six hours in an eight-hour workday, cannot climb ladders, ropes or scaffolds, should avoid even moderate exposure to dusts, fumes, gases, odors, and poor ventilation, should avoid concentrated exposure to hazards such as unprotected heights and heavy machinery and cannot drive. AR 81-82. The ALJ asked whether given

7

this hypothetical would the past relevant work as a child daycare worker be available, to which the vocational expert replied "Yes, your honor." *Id.* at 82.

The ALJ then added to this hypothetical that this individual can perform work where reading is not an essential job function. *Id.* The vocational expert affirmed that such an individual could perform Plaintiff's past relevant work as a child daycare worker. *Id.* The ALJ did not delineate Plaintiff's actual work demands. *See id.*

This constitutes an "erroneous delegat[ion of the ALJ's] fact-finding responsibilities to the [vocational expert.]" *Sissom*, 512 F. App'x at 770. "When, as here, the ALJ makes findings only about the claimant's limitations, and the remainder of the step four assessment takes place in the [vocational expert's] head, [the court is] left with nothing to review." *Winfrey*, 92 F.3d at 1025. The ALJ should address appropriately the step four analysis on remand.

### B. The date last insured.

As Plaintiff points out, the most important requirement in this case is that Plaintiff had to show she was disabled on or before her DLI – December 31, 2009. *See* 20 C.F.R. § 404.131(b) ("To establish a period of disability, you must have disability insured status in the quarter in which you become disabled or in a later quarter in which you are disabled."); *see* Doc. 13, at 4; *Potter v. Sec'y of Health & Human Servs.*, 905 F.2d 1346, 1348-49 (10th Cir.

8

1990) (stating that "the relevant analysis is whether the claimant was actually disabled prior to the expiration of [his] insured status"). Here, disability means "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The statute's twelve-month "duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just his underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). So, Plaintiff had to show that on or before December 31, 2009, she could not engage in any substantial gainful activity for a continuous twelve-month period, not that she had sustained asthma exacerbation or severe vision problems on or before that date which may have led to such an inability that began after that date.

The ALJ stated that Dr. Stephen Travis examined Plaintiff on November 25, 2009, but it appears Dr. Don Guthrie examined Plaintiff. AR 232-34. Dr. David McCarty Snyder conducted Plaintiff's Dec. 25, 2009 examination and his clinical impression indicated Plaintiff suffered from hyperventilation and situational stress. *Id.* at 320. She suffered no respiratory distress. *Id.* at 322. He prescribed albuterol to ease her breathing and Ativan three to four times a day for anxiety and sleep. *Id.* at

330. Based on the undersigned's review of the record, that is the extent of the Plaintiff's examinations for asthma or breathing issues before the DLI. The undersigned points out this perceived inconsistency so that on remand, the parties may consider what impact the DLI may have upon the resolution of this case.

VI. **Recommendation and notice of right to object.**

For the reasons discussed above, the undersigned recommends that the court reverse and remand the matter for further proceedings.

The undersigned advises the parties of their right to object to this report and recommendation by the 21st day of July, 2014, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 1st day of July, 2014.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE